640 A.2d 230

**David Levoid MURPHY**

v.

**STATE of Maryland.**

**No. 1106, Sept. Term, 1993.**

Court of Special Appeals of Maryland.

April 28, 1994.

Nancy M. Cohen, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Kreg Paul Greer, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, and Sandra A. O'Connor, State's Atty. for Baltimore County, Towson, on the brief), for appellee.

Submitted before MOYLAN, CATHELL and MOTZ, JJ.

CATHELL, Judge.

David Levoid Murphy, appellant, was convicted in the Circuit Court for Baltimore County of theft over $300 after pleading not guilty on an agreed statement of facts. The court sentenced appellant to five years imprisonment and to pay restitution. This appeal followed. Appellant argues, in essence, that the trial court abused its discretion by refusing to grant his motion to set aside the verdict. We find merit in appellant's argument and shall reverse the judgment of the trial court.

## Facts

We need not recount the agreed statement of facts in its entirety. Suffice it to say it established that, over a seven day period in November of 1992, appellant passed eighteen bad checks worth a total of nearly $14,500. Several of the checks were written on the Texas account of S & L Professional Credit Corporation, were signed by one Shelby Daniels, and were payable to appellant. The rest of the checks were written on the Texas account of Delco Properties, were signed by appellant, and were payable to appellant. Appellant cashed all eighteen checks at various branch offices of the Bank of Baltimore. Both of the Texas bank accounts involved, however, were closed before appellant passed the checks. Based on the statement, the court convicted appellant of theft over $300.

At the start of the sentencing hearing, defense counsel moved, apparently pursuant to Md. Rule 4–331(b), to have the verdict set aside. Citing Md.Code (1957, 1992 Repl.Vol.), Art. 27 § 344(b), counsel argued, for the first time, that appellant should not have been convicted of theft under Md.Code (1957, 1992 Repl.Vol.), Art. 27 § 342 since the agreed statement of facts did not establish that appellant committed any deception other than false representations that there were sufficient funds in the drawee bank to cover the checks. The court denied the motion, stating:

I think it's a theft pursuant to a common scheme. He's got all kinds of phoney accounts. He has other people signing

checks that he is depositing into these accounts. I think it puts it out of the realm of bad checks and put[s] it in theft pursuant to common scheme.

## Discussion

■ As defense counsel pointed out at the hearing below on his motion to set aside the verdict, Art. 27 § 344(b) provides:

The obtaining of property or services by a bad check as defined in §§ 140 to 144 shall not be prosecuted as theft as defined in this subheading unless the defendant commits deception as provided in § 342 *in addition to any false representation or false representations that there are sufficient funds in the drawee bank to cover the check.* [Emphasis added.]

We have reviewed the agreed statement of facts and glean no evidence whatsoever of deception other than the implicit false representations that there were sufficient funds in the Texas accounts to cover the checks. Contrary to the trial court's suggestion, we know of no authority that would permit courts to disregard the requirement of additional deception if the bad checks are passed pursuant to a "common scheme."

■ The State urges us to affirm the judgment against appellant on the basis that § 344(b) is *in pari materia* with Md.Code (1957, 1992 Repl.Vol.) Art. 27 § 144(a). Section 144(a), according to the State, permits the prosecution for theft of any person who passes a bad check but does not commit any additional deceptions, provided the check is not made good within ten days and the prosecution is not commenced within ten days of dishonor of the check. While we agree that the two provisions are *in pari materia,* we do not agree with the State's construction of § 144(a).

Section 144(a) reads:

The obtaining of property or services by uttering or passing a bad check, when the uttering or passing is not accompanied by any false representations other than a false representation that there are sufficient funds with the drawee to cover the check, may not be prosecuted under the

subheading "theft" of this article, or under any other section of this article if the person who obtains the property or services makes the check good within ten days of dishonor by the drawee of the check; and no prosecution shall be commenced by warrant, information, indictment, or other charging document until the expiration of that period of ten days.

A plain reading of § 144(a), giving deference to the legislature's use of commas, satisfies us that, contrary to the State's assertions, the language regarding theft prosecutions and the language regarding the ten-day "grace period" is mutually exclusive. *See Richmond v. State,* 326 Md. 257, 262, 604 A.2d 483 (1992) (in construing a statute, "we give the language of the statute its natural and ordinary signification. . . ."). The statute provides, in short, that a person who passes a bad check but does not commit any deception other than a false representation that there are sufficient funds to cover the check may not be prosecuted (a) for theft, or (b) for any other crime if the person makes the check good within ten days of dishonor.

Even if we were to perceive the language of § 144(a) to be capable of two constructions—and we do not perceive it to be so—we would be convinced that the construction set forth above is the correct one. "It is a general rule of statutory construction that statutes that deal with the same subject matter, share a common purpose, and form part of the same general system are *in pari materia* and must be construed harmoniously in order to give full effect to each enactment." *State v. Loscomb,* 291 Md. 424, 432, 435 A.2d 764 (1981). Moreover, "when a statute is plainly susceptible of more than one meaning and thus contains an ambiguity the court may consider the consequences resulting from one meaning rather than another and adopt that construction which avoids an illogical or unreasonable result, or one which is inconsistent with common sense." *Wynn v. State,* 313 Md. 533, 539, 546 A.2d 465 (1988). There is no dispute that § 344(b) and § 144(a), which both deal with the prosecution of persons who utter bad checks, are to be read *in pari materia.* The

construction urged by the State would put the two provisions in direct conflict with each other. We do not believe that the legislature intended such a result.

■ Because the agreed statement of facts contained no evidence of "deception ... in addition to any false representation or false representations that there [were] sufficient funds in the drawee bank to cover the check[s]," Art. 27 § 344(b), appellant's conviction for theft over $300 was improper. The trial court abused its discretion by denying the motion to set aside the verdict.

JUDGMENT REVERSED; BALTIMORE COUNTY TO PAY THE COSTS.